IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLINTON C. BARLOW, III, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 22-902-CFC |
| UNITED STATES OF AMERICA CORP., et al., | : |
| Defendants. | : |

Clinton C. Barlow, III, Trenton, New Jersey.  Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

February 3, 2023
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

Plaintiff Clinton C. Barlow, III appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 7) He commenced this action on July 5, 2022, naming as Defendants the United States of America, President Joe Biden, an attorney in private practice who chairs the Lawyers Advisory Committee for the United States District Court for the District of New Jersey, the Director of the New Jersey Division of Consumer Affairs, and a sanitation worker employed by the City of Trenton, New Jersey. (D.I. 2) On January 23, 2023, he attempted to amend his complaint by adding as defendants the state of New Jersey, the City of Trenton, and "T M C judges, clerks and chief prosecutor." (D.I. 8) The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

Plaintiff's allegations, to the best that this Court is able to discern them from the Complaint, are assumed to be true for screening purposes. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Plaintiff alleges that in May 1990, then-Senator Biden promised him a pardon should Biden ever become president. He alleges that the attorney-chair of the Advisory Committee failed to respond to his grievances regarding three federal judges. The Director of the New Jersey Division of Consumer Affairs has allegedly unconstitutionally failed to reinstate

1

Plaintiff's home improvement contractor license, although he has presented no factual allegations in support of this assertion. Finally, Plaintiff alleges that the sanitation worker has been stalking and harassing him, and that she has falsely accused him of illegally dumping garbage.

For relief, Plaintiff requests that the Court enforce his agreement with President Biden and direct the Director of the New Jersey Division of Consumer Affairs to reinstate his home improvement contractor license. It is unclear what relief, if any, he requests in relation to the attorney-chair and sanitation worker.

In his apparent attempt to amend his complaint he references attempts by state authorities to arrest him based on "false perjury complaints that were filed by a Spanish guy whom falsely claimed that I stolen his coper junk that was rightfully given to me . . . ." (D.I. 8 at 1-2)

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual

2

allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

3

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014) (per curiam). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

Plaintiff's Complaint, even when viewed in the light most favorable to him, is frivolous and fails to state a claim for relief. The Court's experience and common sense lead it to the conclusion that the allegations, to the extent that they can be understood, are legally and factually frivolous. In other words, they "are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (internal citations and quotation marks omitted). As pled, there is no legal basis for Plaintiff's claim against any of the Defendants. Similarly, the Court concludes that Plaintiff's largely unintelligible allegations are insufficient to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 67.

Accordingly, the Complaint will be dismissed as frivolous and for failure to state a claim. The Court finds amendment futile.

## IV. CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

An appropriate Order will be entered.